IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BABRY HANAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:05cv1062 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This motion for reconsideration is but the latest chapter in the saga of plaintiff's determined, long-term effort to avoid deportation to his native Afghanistan and remain in this country.

On September 8, 2005, petitioner filed a petition for relief, invoking Rule 60(b), Fed. R. Civ. P., and the writ of *coram nobis*,[1] all for the purpose of obtaining vacatur of a 22-year old importation of heroin conviction, which is the reason for his deportation. This request for relief was denied by Memorandum Opinion and Order dated November 21, 2005. *See Hanan v. United States*, 402 F.Supp.2d 679 (E.D. Va. 2005); *Hanan v. United States*, 1:05cv1062 (November 21, 2005) (Order). Petitioner thereafter filed a timely motion for reconsideration pursuant to Rule 59(e), Fed. R. Civ. P. Specifically, petitioner argues that the November 21 Memorandum Opinion contains three clear errors of law. According to petitioner, the Opinion (i) wrongly holds that *coram nobis* relief was not available to a foreign national with an

---

[1]Codified as 28 U.S.C. § 1651

1

aggravated felony conviction; (ii) applies the wrong legal standard for *coram nobis* relief; and (iii) fails to give due regard to the hardship petitioner's wife and daughter would suffer if petitioner were deported. The question presented, then, is whether petitioner has set forth a sufficient basis to reconsider or amend the November 21 Opinion and Order.

**I.**

A brief recitation of the relevant history of this matter is instructive to frame the question presented. Petitioner Babry Hanan ("Hanan"), an Afghani citizen, entered the United States in 1980 from Afghanistan. His friend and original co-defendant, Abdul Samad ("Samad"), also an Afghani, arrived in the United States in 1981.[2] After a package containing 22 grams of heroin was delivered to the apartment Hanan and Samad shared, they were both arrested and charged with importation of heroin with intent to distribute. And on April 1, 1983 a jury convicted both Hanan and Samad of heroin importation with intent to distribute. Hanan was sentenced to three years of incarceration and three years of special parole. Both Hanan and Samad thereafter appealed their convictions. Samad's conviction was reversed on the ground that there was insufficient evidence to support a finding by a reasonable jury that Samad was aware that the package in question contained heroin. *See United States v. Samad*, 754 F.2d 1091, 1098-99 (4th Cir. 1984). Hanan did not fare as well in his appeal; his appeal failed, the Court of Appeals holding that there was ample circumstantial evidence to support the inference that Hanan knew the package contained drugs, and accordingly, Hanan's conviction was affirmed. *Id.* at 1099.

---

[2]A more complete recitation of the facts surrounding Hanan's conviction for heroin importation with intent to distribute can be found in the original Memorandum Opinion. *See Hanan v. United States*, 402 F.Supp.2d 679 (E.D. Va. 2005); *see also United States v. Samad*, 754 F.2d 1091 (4th Cir. 1984).

Following his release from prison on November 10, 1984, the Immigration and Nationalization Service ("INS") attempted to deport Hanan to Afghanistan on account of his conviction, but was unable to do so because of Afghanistan's unstable political climate at that time. Although unable to deport Hanan immediately, the deportation order remained in effect, and Hanan was placed on supervised release. In 1996, Hanan petitioned INS to lift his order of deportation. This effort failed when the INS denied the petition on February 12, 1997. On May 15, 1997, Hanan tried again; this time filing for relief from deportation under Article 3 of the United Nations Convention Against Torture ("Convention"),[3] which prohibits, *inter alia*, removal of an individual to a country where he would be subject to torture. This effort also failed, as the INS denied this petition for relief on October 23, 2002, and the Board of Immigration Appeals affirmed this result in April 2004.

In May 2004 and August 2004, Department of Homeland Security notified Hanan by letter that it intended to deport him to Afghanistan by August 10, 2004. This notice precipitated two responses. First, on August 9, 2004, Hanan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in federal district court in Minnesota. According to Hanan, that petition is currently pending before the Eighth Circuit. He also filed suit in this district seeking to have his heroin importation conviction vacated and expunged, thereby eliminating the predicate ground for his deportation. Hanan supported his claim for relief with several affidavits

---

[3]*See* Omnibus Consolidation and Emergency Supplemental Appropriations Act of 1999, Pub. L. No. 105-277, § 2242, 112 Stat. 2681, 2681-822; Regulations Concerning the Convention Against Torture, 64 Fed. Reg. 8478 (INS Feb. 19, 1999) (codified at 8 C.F.R. §§ 1208.16-1208.18 (2005)).

from himself, his family members, and others.[4]  Each of these affidavits purport to attest to (i) Hanan's good character; (ii) Samad's poor character; (iii) the hardship Hanan and his family will suffer if he is deported to Afghanistan, and (iv) the ties Hanan and his family have to each other, their community, and the United States.  By Memorandum Opinion and Order dated November 21, 2005, petitioner's request for relief was denied.  On the pending motion for reconsideration, then, the question presented is whether Hanan has adduced a sufficient basis for rescinding or modifying the November 21 Opinion and Order.

## II.

Although Rule 59(e) itself does not state the grounds on which district courts may grant a motion to alter or amend a judgment, the Fourth Circuit has made clear that "there are three grounds for amending an earlier judgment: (i) to accommodate an intervening change in controlling law; (ii) to account for new evidence not available at trial; or (iii) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  In this way, "the rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.' " *Id.*  Here, Hanan does not articulate an intervening change in controlling law or present new evidence not available at the time of the summary judgment hearing; rather, he asserts that reconsideration is warranted to correct a clear error of law or prevent manifest injustice.  According to Hanan, the Court erred (i) by ruling that *coram nobis* relief was not available to a

---

[4]There are, in total, six affidavits or declarations, two of which are by Hanan.  In addition there are affidavits by: (i) Farid Urdu, a friend of Hanan; (ii) Mir Waise Aziz, also a friend of Hanan; (iii) Nazifa Janetkhan, Hanan's wife; and (iv) Hadia Hanan, Hanan's daughter.  Although Hadia Hanan's affidavit is unsworn; it was treated as a declaration.

foreign national with an aggravated felony conviction; (ii) by applying the wrong legal standard for *coram nobis* relief; and (iii) by failing to give due regard to the hardship petitioner's wife and daughter would suffer if petitioner is deported. Each of his claims is separately addressed.

Hanan misreads the November 21 Opinion to hold that *coram nobis* relief was not available to a foreign national with an aggravated felony conviction. To be sure, *coram nobis* relief is available in those circumstances if the foreign national succeeds in vacating his aggravated felony conviction. In this regard, the Opinion held only that where, as here, a petitioner seeking *coram nobis* relief had failed to carry his burden to show that the aggravated felony conviction should be vacated, relief is not available. This is so because Congress has mandated that any alien convicted of an "aggravated felony" must be deported. *See* 8 U.S.C. § 1229b (withholding discretion from Attorney General to cancel deportation of any alien convicted of an "aggravated felony"); 8 U.S.C. § 1101(a)(43)(B) (including illicit trafficking in a controlled substance as an aggravated felony). Thus, the undue hardship to the family might become relevant only if, as did not occur here, Hanan succeeded in his effort to vacate the felony drug conviction. Since Hanan did not succeed in this regard, he must, as Congress commands, be removed. Accordingly, Hanan's claim that the November 21 Opinion erroneously held that *coram nobis* relief was not available to a foreign national with an aggravated felony conviction is unfounded, and therefore no relief is warranted on this basis.

Hanan also argues that the Court applied an incorrect legal standard to evaluate his initial request for *coram nobis* relief. Where, as here, *coram nobis* relief is requested on the basis of newly discovered evidence, Hanan argues that the legal standard for relief should be whether the evidence would likely lead to a different result, rather than the standard applied to his claim;

namely, whether a reasonable trier of fact could find guilt beyond a reasonable doubt had it been given access to the newly discovered evidence. In this regard, Hanan points to several cases in other circuits holding that relief should be granted (i) if evidence could not have been discovered prior to trial had the petitioner exercised due diligence; and (ii) if the evidence would likely have led to a different result. *See, e.g.*, *Klein v. United States*, 880 F.2d 250, 253-54 (10th Cir. 1989) (applying less demanding standard).[5]

As an initial matter, none of these cases from other circuits is controlling, and hence none compels a different result.[6] The Fourth Circuit's opinions, which are binding, do not contradict and indeed even support the result reached in November 21 Opinion. *See Hunt v. McDade*, 2000 WL 219755, at *2 (4th Cir. 2000).[7] By contrast, Hanan has not pointed to any Fourth Circuit case that supports his conclusion.

In any event, relief is unwarranted even applying the more lenient standard found in other circuit authority and urged here by Hanan. This is so because the evidence on which Hanan

---

[5] *See also United States v. Dellinger*, 657 F.2d 140, 144 n.9 (7th Cir. 1981) (same); *United States v. Scherer*, 673 F.2d 176 (7th Cir. 1982) (same).

[6] Hanan's citation to decisions of other circuits is misleadingly selective, as he fails to mention case law from circuits that have flatly prohibited *coram nobis* petitions on the basis of newly discovered evidence. *See, e.g.*, *United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir. 2000) ("A court's jurisdiction over coram nobis petitions is limited to the review of errors of the most fundamental character. Such errors do not include prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence.") (internal citations and quotations omitted).

[7] As noted in the November 21 Opinion, the Fourth Circuit has not clearly stated what standard applies to *coram nobis* actions based on new evidence. *Hanan v. United States*, 402 F.Supp.2d 679, 685 (E.D. Va. 2005) (stating, based on habeas petition seeking relief on basis of new evidence, that it "appear[ed]" that the Fourth Circuit would adopt this standard when reviewing analogous *coram nobis* petition).

chiefly relies to prove his innocence—affidavits by two of his friends, Farid Urdu, and Mir Waise Aziz—is inadmissible hearsay.[8]  It necessarily follows, then, that these affidavits would not likely lead to a different result because a jury is not entitled to consider inadmissible evidence.  Indeed, Hanan's reconsideration motion fails to address the admissibility of the affidavits.  For all these reasons, Hanan's claim for relief on the basis of a misunderstanding of the standard for relief is unpersuasive.

Hanan is also not entitled to relief on the ground that the November 21 Opinion failed to give due regard to the hardship his wife and daughter would suffer if he were deported.  Because Hanan's motion for reconsideration in this regard simply reiterates his previous petition, relief is unwarranted.  See *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1981) (denying relief where, in Rule 60(b) context, "the motion is nothing more than a request that the district court change its mind").  Nor would a different result even be possible:  Congress has made clear that where, as here, an alien is convicted of an aggravated felony, the hardship that petitioner or his family would suffer in the event of petitioner's deportation is immaterial to the deportation decision.  *See* 8 U.S.C. § 1229b (withholding discretion from Attorney General to cancel deportation of any alien convicted of an "aggravated felony"); 8 U.S.C. § 1101(a)(43)(B) (including illicit trafficking in a controlled substance as an aggravated felony).  Thus, the three grounds on which Hanan seeks relief do not, individually or collectively, warrant either reconsidering or amending the November 21 Opinion and accompanying Order.  Accordingly, Hanan's motion for reconsideration must be denied.

---

[8]For an extended discussion of the admissibility of these affidavits, see *Hanan v. United States*, 402 F.Supp.2d 679, 686-87 (E.D. Va. 2005).

An appropriate Order will issue.

Alexandria, Virginia  
May 9, 2006

_____/s/_____  
T. S. Ellis, III  
United States District Judge